## CENTRAL POWER & LIGHT CO. v. FRIEDRICH.

### No. 9296.

Court of Civil Appeals of Texas.
San Antonio.

March 28, 1934.

Rehearing Denied May 9, 1934.

J. M. Wilson, Frank M. Kemp, and L. L. Lentz, all of Corpus Christi, for appellant.

Moursund, Johnson, Rogers & Slatton, of San Antonio, for appellee.

SMITH, Justice.

Ed. Friedrich entered into a written contract with Central Power & Light Company for the purchase from the latter of certain secondhand electrical equipment, situated at Corpus Christi. Friedrich paid the consideration in cash, accepted the equipment, moved it to San Antonio, put it in operation, and by that process discovered that the equipment was not what he contracted for. He brought suit against the Central Power & Light Com-

pany and recovered damages occasioned by the breach of contract. This appeal resulted.

The equipment was described in the contract of sale as "300 H. P. Ball Steam Engine direct connected to one 57½ Ampere, 2300 Volt, 3 Phase Generator, with exciter and such equipment known as valves, exhaust and steam line now intact and as was inspected and accepted by the customer."

When appellee attempted to operate the equipment, it was ascertained that the generator was not "3 phase," as contracted for, but was "2 phase." We copy the trial court's findings of fact and conclusions of law:

"Findings of Fact.

"1. I find as a fact that the defendant, Central Power and Light Company, and the plaintiff, Ed. Friedrich, executed a written contract on January 22, 1930, whereby the plaintiff purchased from defendant one 300 H. P. Ball Steam Engine, directly connected to one 57½ Ampere 2300 volt, 3-phase generator with exciter and equipment intact.

"2. I find as a fact that the plaintiff paid defendant the purchase price of $900.00 in cash, called for in said contract, and at his own expense removed the machinery and equipment offered by defendant under said contract from Corpus Christi, Texas, to plaintiff's plant in the City of San Antonio, Texas.

"3. I find as a fact that after installing said equipment and connecting the same to a 3-phase transformer and 3-phase current switchboard, plaintiff made a test run of the equipment and that said generator failed to deliver 3-phase current of the kind and character specified in said contract.

"4. I find as a fact that the failure of said generator to deliver 3-phase current of said kind and character was reported to defendant, and that it was then discovered that said generator was in fact a 2-phase generator.

"5. I find as a fact that plaintiff made demand upon defendant to have this defect remedied and the generator so repaired or reconditioned so that the same would be in fact a 3-phase generator and thus comply with the specifications set out in the contract, and that the defendant failed and refused to make such repairs or changes.

"6. I find as a fact that it was impossible for plaintiff to return said generator to defendant without incurring an expense of many thousands of dollars and that it was reasonable and necessary to have said 2-phase generator as tendered by defendant converted in-

to a 3-phase generator by the installation of a new set of stator coils with necessary insulation bridges.

"7. I find as a fact that the reasonable and necessary costs of conversion of said generator from a 2-phase generator to a 3-phase generator is the sum of $742.36.

"8. I find as a fact that plaintiff made a competent and thorough examination of all of said machinery and equipment before moving it from Corpus Christi, Texas, and after careful and competent examination of the machinery and equipment, was unable to ascertain that said generator was in fact a 2-phase generator and that such fact could not have been ascertained by a reasonably careful and competent examination at Corpus Christi, Texas.

"9. I find that the material facts alleged in plaintiff's petition were sustained by the evidence.

. "Conclusions of Law.

"1. I conclude as a matter of law that the description of said generator in said contract as '3-phase, 2300 volt, 57½ ampere' was a warranty made by the defendant for the benefit of plaintiff.

"2. I conclude as a matter of law that the failure of defendant to deliver to plaintiff a 3-phase generator 2300 volt, 57½ ampere, as specified in said contract, operated as a breach of warranty on the part of the defendant, and a breach of the contract executed by plaintiff and defendant.

"3. I conclude as a matter of law that the defendant is liable to the plaintiff for the breach of said warranty and breach of said contract, and that the proper measure of damages is the reasonable and necessary cost of the repairs or changes made in said generator which were reasonable and necessary to convert said generator from a 2-phase to 3-phase.

"4. I conclude as a matter of law that plaintiff is entitled to recover from defendant the sum of $742.36 as his damages by reason of said breach of warranty and breach of contract."

We conclude that the evidence amply supports the findings of fact, which in turn support the conclusions of law, and the judgment based thereon.

█In its first proposition appellant complains of the admission of certain testimony as an attempt to vary the written contract in question. We overrule the proposition. The testimony was to the effect that prior oral agreements and intentions of the parties contemplated that the generator was to be 3-phase, which was no more or less than was expressly stipulated in the final written expression of that agreement. It was at its worst mere surplusage, and its admission would be regarded as harmless. If it could be regarded as improperly admitted, it would be presumed, nevertheless, that the trial court gave it no weight.

█It is contended by appellant in its second proposition that this action is in reality one upon an implied warranty as to the "quality, condition, or fitness for the purpose intended," and that the doctrine of implied warranty is not applicable to the sale of secondhand articles; that, by examining the equipment and accepting and using it, appellee was cut off from setting up breach of warranty. We are of the opinion that these contentions are beside the question raised in appellant's proposition. The case made presents the simple proposition that appellant contracted to sell and deliver to appellee a 3-phase generator, and breached the contract by delivering a materially different generator, not merely one which fell short of the warranty in "quality, condition or fitness for the purpose intended." Appellant's theory might avail it if appellee's complaint was that the article was defective in quality or condition, or unfit for the purpose intended. It is more than that. It is a complaint, concededly well founded, that appellant contracted to deliver one article, and breached the contract by delivering a different and far less useful article, as in case of a contract to deliver a horse, and its breach by delivering a cow. We uphold the trial court's findings and conclusions upon this phase of the case, and overrule appellant's second proposition, together with appellant's related contention that by examining and inspecting the equipment before accepting it he waived the right to thereafter complain. We uphold the trial judge's finding that appellee used due diligence to ascertain the facts showing the breach of contract, and forthwith set up the fact of the breach.

█In its third proposition appellant contends that its delivery of a 2-phase generator was a substantial compliance with its contract to deliver a 3-phase generator. We overrule the proposition upon the trial judge's finding against appellant upon that issue. So do we overrule appellant's fourth and last proposition complaining of the measure of

damages applied below. No material error is shown in that application.

The judgment is affirmed.